**M. JOHN CARSON, CA Bar No. 41285**
jcarson@lewisroca.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
655 N. Central Ave., Suite 2300
Glendale, CA 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff
DOCTOR'S BEST INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCTOR'S BEST INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NATURE'S WAY PRODUCTS, LLC, a Wisconsin limited liability company,<br><br>Defendant. | Case No. 8:23-cv-0766<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

120989050.2

Plaintiff Doctor's Best Inc. ("Doctor's Best" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Defendant Nature's Way Products, LLC ("NWP" or "Defendant"), as set forth below:

**INTRODUCTION**

1. Plaintiff files this declaratory judgment action as a result of legally unsound claims lodged against it by Defendant, an overreaching party wrongly claiming that Plaintiff's use of and application for the NATURE'S DAY trademark is "not authorized by Nature's Way and is prohibited."

2. In particular, on April 20, 2023, Defendant alleged that Plaintiff was infringing its trademark rights and issued a letter through its trademark lawyer demanding: Plaintiff must cease and desist all use of its NATURE'S DAY trademark, abandon its U.S. Federal Trademark Application for NATURE'S DAY, and abandon its Madrid International Trademark Registration for NATURE'S DAY, and related international designations, or Defendant will "assess further actions to police its valuable rights," which expressly included "enforc[ing] its trademark rights in any venue, including . . . U.S. Federal Court." (the "Demand Letter"). *See* Exhibit A.

3. Defendant's argument that Plaintiff has "use[d]" a trademark in the United States that infringes upon Defendant's purported rights, without Defendant's authorization, is based solely on Plaintiff's trademark filings for NATURE'S DAY, including a pending intent-to-use U.S. Federal Application and a Madrid International Registration with designations to the European Union, China, and Japan.

4. Contrary to Defendant's overreaching assertions, Plaintiff has not commercially used the NATURE'S DAY mark in the United States, nor has it engaged in any wrongful conduct, and Plaintiff will not bend to Defendant's unreasonable demands or its threats of imminent litigation based on a legally meritless position. Instead, Plaintiff now seeks a declaration from this Court that

-1-

Plaintiff's pending intent-to-use trademark application and international trademark registration do not infringe upon Defendant's rights and that Defendant has no legal basis for objecting to Plaintiff's trademark application and international trademark registration for NATURE'S DAY in United Stated Federal Court. Given Defendant's meritless and legally erroneous assertion that Plaintiff's pending intent-to-use trademark application and international trademark registration can be "prohibited" by Defendant, Defendant's claims fail, and Plaintiff is entitled to the declaratory relief sought herein.

## THE PARTIES

5. Plaintiff Doctor's Best Inc. is a Delaware corporation with its principal place of business at 2742 Dow Avenue, Tustin, CA 92780.

6. On information and belief, Defendant Nature's Way Products, LLC is a Wisconsin limited liability company having a principal place of business at 825 Challenger Drive, Green Bay, Wisconsin 54311.

## JURISDICTION AND VENUE

7. An actual controversy exists within the Court's jurisdiction among the parties concerning Defendant's claims of trademark infringement and its demands that Plaintiff abandon its trademark application. This Court is authorized to declare the rights of the parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

9. This Court has personal jurisdiction over Defendant because Defendant has continuously and systematically transacted business and supplied goods and/or services in this judicial district, including business that uses the NATURE'S WAY trademark at issue in this action. Defendant has purposefully availed itself of the benefits of this State and judicial district such that maintenance of this action in this judicial district would not violate due process. Defendant was

-2-

also aware that the harms caused by their overreaching Demand Letter would be felt within this district.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as this Central District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### Doctor's Best and Its NATURE'S DAY Mark

11. Plaintiff owns U.S. Federal Trademark Application Serial No. 97/676,848 for NATURE'S DAY covering "nutritional and dietary supplements, not including skin care products" in International Class 025. This application was filed on an intent-to-use basis on November 17, 2022. The application is live and has not yet been assigned to an examining attorney. A copy of the USPTO Trademark Status & Document Retrieval status information for U.S. Application No. 97/676,848 is attached at Exhibit B.

12. Plaintiff owns Madrid International Trademark Reg. No. 1,723,828 for NATURE'S DAY covering "Nutritional and dietary supplements, not including skin care products" in International Class 025. The registration registered on March 13, 2023, is based on U.S. Federal Application Ser. No. 97/676,848, and has designations to the European Union, China, and Japan under the Madrid Protocol. A copy of the registration certificate for Madrid International Trademark Registration No. 1,723,828 is attached at Exhibit C.

### Defendant NWP and Its NATURE'S DAY Trademark

13. On information and belief, Defendant is a manufacturer, distributor, and retailer of herbal supplements, dietary supplements, and vitamins.

14. Defendant purports to be the owner of the NATURE'S WAY mark, which it claims is the subject of United States Trademark Registration Nos. 1,356,165, 1,400,087, 1,512,274, 2,042,173, 2,741,805, 3,540,020, 4,317,153, 4,385,133, 4,964,881, 4,964,882, and 5,863,985.

120989050.2

15. Defendant purports to use the NATURE'S WAY mark on a wide variety of vitamins and supplements.

**Defendant Has No Basis for Objecting to Plaintiff's Trademark Applications**

16. There is no likelihood of confusion between Plaintiff's trademark filings and Defendant's purported use and registration of NATURE'S WAY in the United States because Plaintiff has not yet commercially used the NATURE'S DAY trademark.

17. Defendant's apparent belief—that the act of prosecuting trademark applications is a commercial use of a mark, and therefore capable of creating a likelihood of confusion with Defendant's marks—is contrary to established trademark law.

18. In any event, even if Plaintiff were commercially using its mark, there is no likelihood of confusion because Defendant's purported use and registration of NATURE'S WAY gives it at best a narrow scope of protection due to the descriptive nature of "NATURE'S WAY" and the proliferation of "NATURE"-formative third-party marks in the United States used in connection with dietary supplements.

**Defendant's Threats of Litigation**

19. On April 20, 2023, Defendant sent Plaintiff the Demand Letter asserting that Plaintiff's application for, and purported use of, the trademark NATURE'S DAY "is not authorized by Nature's Way and is prohibited."

20. The Demand Letter also asserted that "Nature's Way is actively working to enforce its rights against third parties that use confusingly similar marks to any mark owned by Nature's Way," and that "Nature's Way and its related companies do not support the unauthorized use of its intellectual property or use of its intellectual property to promote services not supported by Nature's Way or any of its affiliates or divisions." The Demand Letter then cited two district court

actions in which Defendant filed suit in district court, alleging trademark infringement.

21. Defendant demanded that Plaintiff "immediately cease and desist use of the NATURE'S DAY mark." Defendant also demanded that Plaintiff "expressly abandon U.S. Trademark Application Serial no. 97/676,848 and Madrid International Trademark Registration No. 1723828 and the designations in the European Union, China, and Japan."

22. The Demand Letter expressly stated that Defendant "expect[s] cooperation and a letter of affirmative compliance within two weeks of the date of this letter, after which time Nature's Way will assess further actions to police its valuable rights."

23. The Demand Letter expressly stated that Defendant "reserves all rights to enforce its trademark rights in any venue, including the Trademark Trial and Appeal Board or U.S. Federal Court if your client does not comply."

24. Defendant's unreasonable ultimatums and threats have created a reasonable apprehension of litigation and have placed a cloud over Plaintiff's ability to prosecute its trademark applications unencumbered.

25. Defendant's allegations regarding Plaintiff's trademark applications for, and purported use of, the NATURE'S DAY mark have brought the parties into adversarial conflict with each other.

26. Plaintiff desires to promptly resolve this adversarial conflict and establish that it is not infringing whatever rights, if any, Defendant may have. Under all of these circumstances, there is a substantial controversy between the parties of sufficient immediacy to warrant the issuance of a declaratory judgment.

## CAUSE OF ACTION

**Seeking a Declaration that Plaintiff Does Not Infringe – 15 U.S.C. § 1114**

27. Plaintiff repeats and realleges each and every allegation contain contained in Paragraphs 1 through 26 above as if set forth herein.

-5-

28. A real and actual controversy exists between Plaintiff and Defendant with respect to whether Plaintiff's trademark filings for the NATURE'S DAY mark infringe upon Defendant's purported use and registration for NATURE'S WAY.

29. Plaintiff's federal trademark application and international trademark registration for the NATURE'S DAY mark cannot cause confusion or cause mistake or deceive the relevant public with respect to Defendant's purported use and registration of NATURE'S WAY in the United States.

30. As a result, Plaintiff's trademark application and international trademark registration for NATURE'S DAY do not infringe any rights of Defendant under 15 U.S.C. § 1114, including Defendant's purported rights in U.S. Trademark Reg. Nos. 1,356,165, 1,400,087, 1,512,274, 2,042,173, 2,741,805, 3,540,020, 4,317,153, 4,385,133, 4,964,881, 4,964,882, and 5,863,985.

31. Plaintiff accordingly seeks a declaratory judgment that Plaintiff's trademark application and international trademark registration for NATURE'S DAY do not infringe any rights of Defendant under 15 U.S.C. § 1114, including Defendant's purported rights in U.S. Trademark Reg. Nos. 1,356,165, 1,400,087, 1,512,274, 2,042,173, 2,741,805, 3,540,020, 4,317,153, 4,385,133, 4,964,881, 4,964,882, and 5,863,985.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a declaratory judgment that:

(1) Plaintiff's trademark application and international trademark registration for NATURE'S DAY do not infringe and at all times have never infringed United States Trademark Registrations owned by Defendant, including Reg. Nos. 1,356,165, 1,400,087, 1,512,274, 2,042,173, 2,741,805, 3,540,020, 4,317,153, 4,385,133, 4,964,881, 4,964,882, and 5,863,985.

120989050.2

(2) Defendant has no legal basis for objecting to Plaintiff's trademark application and international trademark registration for NATURE'S DAY in United States Federal Court.

(3) Awarding Plaintiff its costs, expenses, and reasonable attorneys' fees.

(4) Awarding Plaintiff such other and additional relief as the Court deems just and proper.

Dated: May 2, 2023

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  /s/G. Warren Bleeker
M. John Carson
G. Warren Bleeker

Attorneys for Plaintiff
DOCTOR'S BEST INC.

-7-

120989050.2

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all claims for relief herein pursuant to Fed. R. Civ. Pro. 38(b) and Civil L.R. 38-1.

Dated: May 2, 2023

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  /s/G. Warren Bleeker
M. John Carson
G. Warren Bleeker

Attorneys for Plaintiff
DOCTOR'S BEST INC.

120989050.2