UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 23-CV-0766-KK-KESx | Date: | March 29, 2024 |
|---|---|---|---|
| Title: | *Doctor's Best Inc. v. Nature's Way Products, LLC* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING Plaintiff's Motion for Summary Judgment [Dkt. 49]**

# I.
# INTRODUCTION

On May 2, 2023, plaintiff Doctor's Best Inc. ("Plaintiff") filed a Complaint for Declaratory Judgment that Plaintiff's use of its mark "Nature's Day" does not unlawfully infringe on trademarks owned by defendant Nature's Way Products, LLC ("Defendant"). ECF Docket No. ("Dkt.") 1. On August 29, 2023, Defendant filed Counterclaims against Plaintiff alleging, among other claims, violation of the Lanham Act for trademark infringement and dilution of its mark, "Nature's Way." Dkt. 28. On September 5, 2023, Plaintiff filed the operative Second Amended Complaint. Dkt. 30. On September 19, 2023, Plaintiff filed an Answer to Defendant's Counterclaims, and Defendant filed an Answer to Plaintiff's SAC. Dkts. 35, 36.

On January 22, 2024, Plaintiff filed a Motion for Summary Judgment and a Request for Judicial Notice. Dkts. 49, 50. On February 12, 2024, Defendant filed an Opposition to the Motion and a Request for Judicial Notice. Dkts. 58, 58-3. On February 26, 2024, Plaintiff filed a Reply. Dkt. 59.

The Court finds this matter appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED. Plaintiff and Defendant's Requests for Judicial Notice are DENIED as MOOT.

///

## II.
## RELEVANT BACKGROUND

### A. PROCEDURAL HISTORY

On May 2, 2023, Plaintiff filed a Complaint raising a single cause of action seeking declaratory judgment that Plaintiff's trademark filing for the Nature's Day mark does not infringe upon Defendant's use and registration of its Nature's Way mark.  Dkt. 1.

On June 29, 2023, the United States Supreme Court decided <u>Abitron Austria GmbH v. Hetronic Int'l, Inc.</u>, 600 U.S. 412 (2023), holding the Lanham Act's prohibition of unauthorized use in commerce of a protected trademark does not apply extraterritorially.

On August 29, 2023, Defendant filed a Counterclaim for damages and injunctive relief against Plaintiff for its use of the Nature's Day mark.  Dkt. 28.  Defendant-counterclaimant alleged the following causes of action:

(1) **Causes of Action One through Six**:  Trademark Infringement[1] in violation of 15 U.S.C. § 1114(1);
(2) **Cause of Action Seven**:  False Designation and Unfair Competition in violation of 15 U.S.C. § 1125(a);
(3) **Cause of Action Eight**:  Trademark Dilution in violation of 15 U.S.C. § 1125(c);
(4) **Cause of Action Nine**:  Unfair Business Practices in violation of Section 17200 of the California Business and Professions Code; and
(5) **Cause of Action Ten**:  Trademark Infringement and Unfair Competition in violation of California Common Law.

<u>Id.</u>

On September 5, 2023, Plaintiff filed a Second Amended Complaint ("SAC") alleging the following causes of action:

(1) **Cause of Action One**:  Declaratory Judgment of Non-Infringement under 15 U.S.C. § 1114;
(2) **Cause of Action Two**:  Declaratory Judgment of Non-Infringement under 15 U.S.C. § 1125(a);
(3) **Cause of Action Three**:  Declaratory Judgment of Non-Infringement under 15 U.S.C. § 1125(c)
(4) **Cause of Action Four**:  Declaratory Judgment of Non-Infringement and No Unfair Business Practices under Section 17200 of the California Business and Professions Code; and

---

[1] **Cause of Action One**:  U.S. Trademark Registration No. 1,356,165; **Cause of Action Two**:  U.S. Trademark Registration No. 1,400,087; **Cause of Action Three**:  U.S. Trademark Registration No. 2,741,805; **Cause of Action Four**:  U.S. Trademark Registration No. 4,317,153; **Cause of Action Five**:  U.S. Trademark Registration No. 4,964,882; **Cause of Action Six**:  U.S. Trademark Registration No. 5,863,985.  Dkt. 28 ¶¶ 73-120.

    (5) **Cause of Action Five**: Declaratory Judgment of Non-Infringement and No Unfair Competition under California Common Law.

Dkt. 30.

On September 19, 2023, Defendant filed an Answer to the SAC, and Plaintiff filed an Answer to the Counterclaim. Dkts. 35, 36.

On September 21, 2023, the parties submitted their Joint Rule 26(f) Report. Dkt. 37. Defendant provided a list of topics it expected to seek discovery on, including Plaintiff's intent in adopting the Nature's Day mark and Plaintiff's representation that it had no plans to market, advertise, or sell products bearing the Nature's Day mark in the United States. Id.

On September 28, 2023, the Court issued its scheduling order, which set a deadline for all discovery to be completed by June 6, 2024 and motions to be heard by August 5, 2024. Dkt. 39.

On October 23, 2023, the Court denied a Motion for Preliminary Injunction filed by Defendant finding "it appears that [Plaintiff] is using the Nature's Day mark in the United States only to manufacture, label, and transport products bearing the mark to Asia." Dkt. 44 at 2. Thus, the Court concluded Defendant cannot show it is likely to succeed on the merits or suffer irreparable harm in the absence of preliminary relief because "there is no opportunity for a United States consumer to be confused, deceived, or mistaken" by supplements bearing Plaintiff's Nature's Day mark. Id. at 3-4.

**B.**  **THE INSTANT MOTION FOR SUMMARY JUDGMENT**

On December 28, 2023, Plaintiff's counsel "gave notice that it intended to move for summary judgment as to non-infringement, no dilution, and no unfair competition as a matter of law." Dkt. 59-2, Supplemental Declaration of G. Warren Bleeker ("Suppl. Bleeker Decl."), ¶ 5.

On January 22, 2024, Plaintiff filed the instant Motion for Summary Judgment and Request for Judicial Notice. Dkts. 49, 50. Plaintiff argues (1) it is entitled to summary judgment on its corresponding causes of action for declaratory judgment of non-infringement and no unfair business practices and unfair competition under California law; and (2) Defendant's counterclaims fail as a matter of law. Dkt. 49 at 2.

On February 12, 2023, Defendant filed an Opposition and a Request for Judicial Notice. Dkt. 58. Among other arguments, Defendant claims the Motion should be denied as premature because discovery has not closed, "[t]here has been minimal discovery to-date by either party, and no depositions of [Plaintiff's] declarants or any other witnesses." Id. at 13-14. Defendant asserts it "endeavors to elicit" several facts, including "[w]hat knowledge [Plaintiff] had of the Nature's Way marks when it adopted" Nature's Day and how Plaintiff's e-commerce platforms operate. Dkt. 58-2, Declaration of Aaron T. Olejniczak ("Olejniczak Decl."), ¶ 9. Defendant claims this discovery is "pertinent to the issues involved" in the Motion, and is "essential for [Defendant] to oppose" the Motion. Id. ¶¶ 9, 10, 11. However, as of the date of the Opposition, Defendant had not "propound[ed] any discovery requests, serve[d] any deposition notices, or . . . request[ed] dates for depositions." Suppl. Bleeker Decl. ¶ 6.

On February 26, 2024, Plaintiff filed a Reply. Dkt. 59. This matter, thus, stands submitted.

## III.
## MATERIAL FACTS

Unless otherwise indicated, the following facts are uncontroverted. To the extent certain facts are not referenced in this Order, the Court has not relied on such facts in reaching its decision. In addition, the Court considers the parties' evidentiary objections only where necessary.[2] All other objections are **OVERRULED AS MOOT**.

Plaintiff is a "science-based nutritional supplement company," based in Tustin, California., that offers a "wide range of nutritional and dietary supplements," including the instant Nature's Day supplements. Dkt. 49-8, Plaintiff's Statement of Uncontroverted Facts ("PSUF"), ¶ 1; dkt. 49-7, Declaration of Stacey Kato ("Kato Decl."), ¶¶ 1, 4. Plaintiff "produces its Nature's Day products . . . , including placing the Nature's Day mark on the product or its containers[,] in the State of California." Dkt. 58-4, Defendant's Statement of Additional Uncontroverted Material Facts ("DSAUF"), ¶ 59; see dkt. 60, Plaintiff's Response to Defendant's Statement of Additional Uncontroverted Material Facts ("PRSAUF"), ¶ 59.

Plaintiff "has made multiple bulk sales of Nature's Day Supplements in Asia, and Nature's Day Supplements are currently being sold in Hong Kong commerce." PSUF ¶ 16; dkt. 49-6, Declaration of Peter Kim ("Kim Decl."), ¶ 7. Plaintiff "transports or ships its products bearing the Nature's Day mark . . . from its manufacturing facility in California." DSAUF ¶ 60; see PRSAUF ¶ 60; dkt. 49-7, Kato Decl. ¶ 7; dkt. 49-1 at 13. Plaintiff "has not sold and does not intend to sell Nature's Day Supplements in brick-and-mortar stores anywhere or to end consumers in the United States through any means." PSUF ¶ 12; Kim Decl. ¶¶ 9-11. Plaintiff "has not advertised or marketed its Nature's Day Supplement in the United States." PSUF ¶ 18; Kim Decl. ¶ 12. Plaintiff "has no intention of advertising its Nature's Day Supplements on its websites or social media accounts in the United States." PSUF ¶ 14; Kim Decl. ¶ 12. Plaintiff "is unaware of any actual confusion that has occurred between it and Defendant's respective goods." PSUF ¶ 31; Kato Decl. ¶ 9.

Defendant is a "dietary supplement brand[]" that advertises and sells vitamins and supplements "through distributors and retailers to consumers in all 50 states." Dkt. 29-3, Declaration of Andrew Hartshorn ("Hartshorn Decl."), ¶¶ 4, 5, 13; DSAUF ¶ 43; PRSAUF ¶ 43.

On November 17, 2022, Plaintiff filed an application for a U.S. Federal Trademark for Nature's Day,[3] covering a dietary and nutritional supplement product line that it had recently developed. PSUF ¶¶ 2-4; dkt. 58-4, Defendant's Statement of Genuine Disputes of Material Fact

---

[2] "[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself[.]" Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). The Court declines to address such objections.

[3] Plaintiff owns U.S. Federal Trademark Application Serial No. 97/676,848. PSUF ¶ 4, DSDF ¶ 4.

("DSDF"), ¶¶ 2-4.  The Notice of Publication states the "mark appears to be entitled to register on the Principal Register," and is scheduled to publish on February 6, 2024.  PSUF ¶ 4; DSDF ¶ 4.  Plaintiff additionally "owns Madrid International Trademark Reg. No. 1,723,828 for Nature's Day," which is "based on" the U.S. Federal Trademark Application and "has designations to the European Union, China, and Japan under the Madrid Protocol."  PSUF ¶ 5; DSDF ¶ 5.

On April 20, 2023, Defendant sent Plaintiff a cease-and-desist letter regarding Plaintiff's use of the Nature's Day mark and demanded Plaintiff "expressly abandon its trademark applications worldwide."  DSAUF ¶ 47; PRSAUF ¶ 47.

## IV.
## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit[.]"  Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.

The party moving for summary judgment bears the initial burden of production by "producing evidence, or showing the absence of evidence, on the motion for summary judgment[.]"  Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).  "[T]he ultimate burden of persuasion can refer either to the burden of persuasion on the motion or to the burden of persuasion at trial."  Id.  A moving party without the ultimate burden of persuasion at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  Id.  "[T]o carry its ultimate burden of persuasion on the motion, the moving party must" establish "there is no genuine issue of material fact."  Id.

If the moving party meets its initial burden of production, the burden then shifts to the non-moving party to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)) (internal quotation marks omitted).  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda."  S. A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982).

In deciding a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., 475 U.S. at 587.  Summary judgment is, therefore, not proper "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts[.]"  Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980).  Furthermore, the court does not make credibility determinations with respect to the evidence offered.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

## V.
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS GRANTED

### A. DEFENDANT'S REQUEST TO DENY THE MOTION AS PREMATURE UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d) IS DENIED

#### 1. Applicable Law

If a party has not had sufficient time and opportunity for discovery, the party may request deferral or denial of the motion for summary judgment. See FED. R. CIV. P. 56(d). To warrant deferral or denial, the requesting party "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Fam. Home & Finance Ctr. v. Fed. Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008). "'[T]he evidence sought must be more than 'the object of pure speculation.'" Stevens v. Corelogic, Inc., 899 F.3d 666, 678 (9th Cir. 2018) (quoting California v. Campbell, 138 F.3d 772, 779-80 (9th Cir. 1998)); Apache Survival Coal. v. United States, 21 F.3d 895, 911 n.17 (9th Cir. 1994) ("Even if Appellants otherwise were entitled to discovery, it was within the district court's discretion to deny it when, as in this case, the complaining party could only speculate as to what it might discover."). "Failure to comply with these requirements 'is a proper ground for denying discovery and proceeding to summary judgment.'" Fam. Home & Finance Ctr., 525 F.3d at 827 (quoting Campbell, 138 F.3d at 779).

Moreover, even if the requesting party makes an adequate factual showing, "the failure to conduct discovery diligently is grounds for the denial of a [Federal Rule of Civil Procedure 56(d)] motion." Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002); see Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment."); Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 372 (9th Cir. 1985) (concluding that court properly denied request to permit further discovery before ruling on the motion for summary judgment because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay").

#### 2. Analysis

Here, Defendant has failed to establish denial of or deferral of a ruling on the Motion is warranted. First, while Defendant submits a declaration from counsel listing the "specific facts it hopes to elicit from further discovery," Defendant fails to provide a basis to conclude the facts sought exist. For example, the declaration only conclusorily claims "[u]pon information and belief, the facts [Defendant] seeks exist" and these facts "are essential to oppose [the Motion]." Olejniczak Decl. ¶¶ 10, 11. Additionally, Defendant fails to explain why it believes certain facts Defendant seeks exist. For example, Defendant fails to provide information to contradict "[w]hether [Plaintiff] is aware of any instances of actual confusion," Olejniczak Decl. ¶ 9, when Plaintiff has already submitted a declaration from its CFO that Plaintiff "is unaware of any actual confusion that has occurred between it and Defendant's respective goods." Kato Decl. ¶ 9. Thus, Defendant has failed to carry its burden to establish that denial or deferral is warranted under Rule 56(d).

Second, even if Defendant had carried its burden, Defendant has failed to conduct discovery diligently in this matter. See Pfingston, 284 F.3d at 1005. Defendant sent its cease-and-desist letter

on April 20, 2023, and this case has been pending since May 2, 2023.  Dkt. 1.  Defendant filed its Counterclaim on August 29, 2023, and discovery has been ongoing since at least September 21, 2023.  Dkts. 28, 37.  Notably, during this time, Defendant failed to conduct any discovery.  As of February 2024, weeks after the Motion was filed, Defendant still had not "propound[ed] any discovery requests, serve[d] any deposition notices, or . . . request[ed] dates for depositions."  Suppl. Bleeker Decl. ¶ 6.

Therefore, Defendant has had more than sufficient time and notice of any information it needed to seek in discovery, but has failed to conduct discovery diligently.  Based on this record, Defendant's request to deny or defer ruling on the Motion until discovery is closed is denied.  See Rosebud LMS Inc. v. Adobe Sys. Inc., 812 F.3d 1070, 1076 (Fed. Cir. 2016) (finding no abuse of discretion in granting summary judgment before close of discovery where plaintiff had notice of intent to file and did not oppose filing of early dispositive motion and did not serve deposition notices or subpoenas until several weeks after motion filed).

B.     **PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION, UNFAIR COMPETITION, AND UNFAIR BUSINESS PRACTICES**

   1.   **Plaintiff's Act of Manufacturing, Labeling, and Transporting the Nature's Day Supplements in the United States Qualifies as Use in Commerce Under the Lanham Act**

       a.   **Applicable Law**

"It is a longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States."  Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247, 255 (2010) (internal quotation marks omitted).  Furthering this principle is a "presumption against extraterritoriality" – specifically, a "presumption against application [of United States law] to conduct in the territory of another sovereign."  Kiobel v. Royal Dutch Petroleum Co., 569 U.S. 108, 119 (2013).

"Applying the presumption against extraterritoriality involves 'a two-step framework.'"  Abitron Austria GmbH, 600 U.S. at 417 (quoting RJR Nabisco, Inc. v. European Community, 579 U.S. 325, 337 (2016)).  First, a court must "determine whether a provision is extraterritorial, and that determination turns on whether 'Congress has affirmatively and unmistakably instructed that' the provision at issue should 'apply to foreign conduct.'"  Id. at 417-18 (quoting RJR Nabisco, Inc., 579 U.S. at 335, 337).  Second, if the provision is not extraterritorial, then the court must determine "whether the suit seeks a (permissible) domestic or (impermissible) foreign application of the provision."  Id. at 418.  "To make that determination, courts must start by identifying the focus of congressional concern underlying the provision at issue."  Id. (internal quotation marks and citation omitted).  Thus, "[w]hen a claim involves both domestic and foreign activity, the question is whether the conduct relevant to the statute's focus occurred in the United States."  Id. at 424 (internal quotation marks omitted); Nestle USA, Inc. v. Doe, 593 U.S. 628, 633 (2021)).

The Supreme Court held that the Lanham Act is "not extraterritorial" and that the Act's regulation of "'use in commerce' is the conduct" of congressional concern.  Abitron Austria GmbH,

600 U.S. at 422, 423 (quoting 15 U.S.C. §§ 1114(1)(a), 1125(a)(1)). Under the Lanham Act, "a mark shall be deemed to be in use in commerce on goods when it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, . . . and the goods are sold or transported in commerce . . . ." 15 U.S.C. § 1127. Thus, while any conduct outside of the United States is not actionable under the Lanham Act, if the alleged "use in commerce" "occurred in the United States, then the case involves a permissible domestic application of the statute, even if other conduct occurred abroad." Abitron Austria GmbH, 600 U.S. at 424 (internal quotation marks and citation omitted).

        b.        **Analysis**

Here, Plaintiff's conduct in the United States is limited to manufacturing, bottling, labeling, and transporting its Nature's Day branded supplements. DSAUF ¶¶ 59, 60; see PRSAUF ¶¶ 59, 60; Kato Decl. ¶ 7; dkt. 49-1 at 13. Under the Lanham Act, this qualifies as a "use in commerce" as a result of its "transport[]" throughout the United States. See 15 U.S.C. § 1127. Thus, Plaintiff's domestic conduct and use of the Nature's Day mark is actionable under the Lanham Act. However, such conduct is actionable under the Lanham Act to the extent that it is likely to cause consumer confusion.

        2.        **Plaintiff's Domestic Use of the Nature's Day Mark Does Not Violate the Lanham Act as Trademark Infringement Because Plaintiff's Use of the Mark Is Not Likely to Cause Consumer Confusion**

        a.        **Applicable Law**

To prevail on a claim of trademark infringement, a party must establish that (1) it has a valid, protectable mark, and (2) the infringing party's use of the mark is likely to cause consumer confusion. Applied Info. Scis. Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007) (citing Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp., 174 F.3d 1036, 1053 (9th Cir. 1999)). In considering likelihood of confusion, courts evaluate the Sleekcraft factors: (1) the strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. JL Beverage Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1106 (9th Cir. 2016); AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979), abrogated on other grounds by Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792 (9th Cir. 2003). "[T]his eight-factor test for likelihood of confusion is pliant." Brookfield Commc'ns, 174 F.3d at 1054. "Some factors are much more important than others," and "it is often possible to reach a conclusion with respect to likelihood of confusion after considering only a subset of the factors." Id.

        b.        **Analysis**

Here, Plaintiff has presented evidence that it "has not sold and does not intend to sell Nature's Day Supplements in brick-and-mortar stores anywhere or to end consumers in the United States[.]" PSUF ¶ 12; Kim Decl. ¶¶ 9-11. Plaintiff has additionally presented evidence that it "has not advertised or marketed its Nature's Day Supplement in the United States," and it does not intend to change either of these practices. PSUF ¶¶ 14, 18; Kim Decl. ¶ 12. Defendant has not presented any evidence to contradict these claims, despite having at least five months to conduct

discovery. Matsushita, 475 U.S. at 585-86 (holding a party opposing summary judgment is required to tender evidence of specific facts in support of his contention that a dispute exists). Thus, there is no genuine issue of material fact that Plaintiff's only use in commerce under the Lanham Act is its transport of its Nature's Day branded supplements from its manufacturing facility to its consumers in Asia. Defendant has not presented any evidence to show Plaintiff sells, advertises, or otherwise interacts with any of Defendant's consumers, let alone United States consumers. See Brookfield Commc'ns, 174 F.3d at 1056 ("If . . . [the parties] did not compete to any extent whatsoever, the likelihood of confusion would probably be remote."); Therma-Scan, Inc. v. Thermoscan, Inc., 295 F.3d 623, 636 (6th Cir. 2002) ("Where the parties have different customers and market their goods or services in different ways, the likelihood of confusion decreases."). Defendant additionally has not cited to any cases where the transport of a product alone without any advertising or promoting of the marked good is likely to cause consumer confusion.

In evaluating the Sleekcraft factors, there is no genuine issue of material fact that consumer confusion between Nature's Day supplements and Nature's Way supplements is not likely. First, there is no evidence in the record of actual confusion by consumers between the Nature's Day and Nature's Way supplements. Plaintiff presented a declaration from its CFO that Plaintiff was unaware of any actual confusion, and Defendant has failed to present any evidence to the contrary. PSUF ¶ 31; Kato Decl. ¶ 9. Thus, based on the record, there is no genuine issue of material fact that actual confusion of consumers does not exist. Accordingly, this factor – evidence of actual consumer confusion – weighs against a finding that Plaintiff's use of the Nature's Day mark is likely to cause consumer confusion. JL Beverage Co., LLC, 828 F.3d at 1106.

Second, as to marketing channels, "[c]onvergent marketing channels increase the likelihood of confusion." Nutri/Sys., Inc. v. Con-Stan Indus., Inc., 809 F.2d 601, 606 (9th Cir. 1987). "In assessing marketing channel convergence, courts consider whether the parties' customer bases overlap and how the parties advertise and market their products." Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1130 (9th Cir. 2014). Here, Plaintiff has presented evidence that it "has not advertised or marketed its Nature's Day Supplement in the United States," nor does Plaintiff have any "intention of advertising its Nature's Day Supplements on its websites or social media accounts in the United States." PSUF ¶ 14; Kim Decl. ¶ 12. Defendant has not presented any evidence to the contrary. Thus, there is no evidence and no genuine issue of material fact that the marketing channels used by Plaintiff are not likely to cause consumer confusion in the United States. See Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007) (holding that "[b]ecause [the non-moving party] failed to present any evidence in opposition to [the] motion for summary judgment, [the non-moving party] has failed to demonstrate that there are any genuine issues of material facts in dispute). Accordingly, this factor – marketing channels used – weighs against a finding that Plaintiff's use of the Nature's Day mark is likely to cause consumer confusion. JL Beverage Co., LLC, 828 F.3d at 1106.

Third, as to likelihood of expansion of product lines, "a 'strong possibility' that either party may expand [their] business to compete with the other will weigh in favor of finding that the present use is infringing." Sleekcraft Boats, 599 F.2d at 354. Here, Plaintiff has presented evidence that it "does not intend to sell Nature's Day Supplements in brick-and-mortar stores anywhere or to end consumers in the United States through any means." PSUF ¶ 12; Kim Decl. ¶¶ 9-11. Defendant has not presented any evidence to the contrary. Thus, there is no evidence and no genuine issue of material fact that Plaintiff does not intend to expand its product lines to compete with Defendant in the United States. Matsushita, 475 U.S. at 585-86; Bias, 508 F.3d at 1219. Accordingly, this factor –

likelihood of expansion of product lines – weighs against a finding that Plaintiff's use of the Nature's Day mark is likely to cause consumer confusion.  JL Beverage Co., LLC, 828 F.3d at 1106.

As to the remaining five factors – the strength of the mark, proximity or relatedness of the goods, similarity of the marks, type of goods and the degree of care likely to be exercised by the purchaser, and the defendant's intent in selecting the mark – the Court finds these factors are less relevant in light of the absence of any sales, advertising, or other interaction with United States consumers and the fact that Plaintiff advertises and sells only to consumers abroad.  Brookfield Commc'ns, Inc., 174 F.3d at 1054 ("Even where there is precise identity of a complainant's and an alleged infringer's mark, there may be no consumer confusion – and thus no trademark infringement – if the alleged infringer is in a different geographic area . . . .").

Accordingly, based on the record, there is no genuine issue of material fact that Plaintiff's use of the Nature's Day mark for its transport in commerce is not likely to cause consumer confusion.  Because there is no genuine issue of material fact that Plaintiff's use of the Nature's Day mark is not likely to cause consumer confusion, Plaintiff use of the mark does not constitute trademark infringement as a matter of law.

> 3.  **Plaintiff Is Entitled to Summary Judgment on Defendant's Remaining Claims of False Designation of Origin, Unfair Competition, and Unfair Business Practices in Light of the Absence of Consumer Confusion**

To prevail on a claim of false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must show that "(1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts."  Summit Tech., Inc. v. High-Line Med. Instruments, Co., 933 F. Supp. 918, 928 (C.D. Cal. 1996); Zamfir v. Casperlabs, LLC, 528 F. Supp. 3d 1136, 1143 (S.D. Cal. 2021) (same).

In the Ninth Circuit, courts have consistently held that Lanham Act false designation of origin claims and state and federal unfair competition claims predicated upon alleged infringement are subject to the same analysis as Lanham Act trademark infringement claims.  See Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."); New W. Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir. 1979) ("The courts have uniformly held that common law and statutory trade-mark infringements are merely specific aspects of unfair competition."); Brookfield Commc'ns, Inc., 174 F.3d at 1046 n.8 (holding "the analysis [of trademark infringement and false designation of origin claims] is oftentimes identical"); Grupo Gigante SA De CV v. Dallo & Co., 391 F.3d 1088, 1100 (9th Cir. 2004) ("[T]rademark claims under California law are 'substantially congruent' with federal claims and thus lend themselves to the same analysis.").

Here, because Defendant's claim of trademark infringement fails, Defendant's claims of false designation of origin and unfair competition under the Lanham Act and unfair business practices and unfair competition under California law also fail for the same reasons.

### C. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM FOR TRADEMARK DILUTION

To prove a claim for dilution under 15 U.S.C. § 1125(c), a claimant "must show that (1) the mark is famous and distinctive; (2) the [other party] is making use of the mark in commerce; (3) the [other party's] use began after the mark became famous; and (4) the [other party's] use of the mark is likely to cause dilution by blurring[.]"[4] Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008). "[T]he question is whether the 'association arising from the similarity between a mark or trade name and a famous mark . . . impairs the distinctiveness of the famous mark.'" Id. at 635. Courts consider the following six factors when making this determination: (1) the degree of similarity between the mark or trade name and the famous mark; (2) the degree of inherent or acquired distinctiveness of the famous mark; (3) the extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark; (4) the degree of recognition of the famous mark; (5) whether the user of the mark or trade name intended to create an association with the famous mark; (6) any actual association between the mark or trade name and the famous mark. Id. at 636.

Here, there is no genuine issue of material fact that Plaintiff's use of the Nature's Day mark is not likely to cause dilution by blurring. First, there is no actual association between Nature's Day and Nature's Way because Nature's Day is not sold or advertised in the United States – only abroad. As discussed above, Plaintiff has presented evidence it "has not sold and does not intend to sell Nature's Day Supplements in brick-and-mortar stores anywhere or to end consumers in the United States[.]" PSUF ¶ 12; Kim Decl. ¶¶ 9-11. Plaintiff has additionally presented evidence that it "has not advertised or marketed its Nature's Day Supplement in the United States," and it does not intend to change either of these practices. PSUF ¶¶ 14, 18; Kim Decl. ¶ 12. Defendant has not only failed to present any evidence to create a dispute, Defendant appears to concede, at the time it filed its Opposition, it merely "*believes* that [Plaintiff's] intent in adopting the Nature's Day mark is to create an association with the well-established Nature's Way marks[.]" Dkt. 58 at 28 (emphasis added). This mere speculation unsupported by any evidence is insufficient to defeat summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1061 (9th Cir. 1989) ("Because the affidavit contains only conclusory allegations, not backed up by statements of fact, it cannot defeat a motion for summary judgment.").

Thus, Plaintiff has established Defendant will not be able to prove one of its necessary elements – namely that Plaintiff's use of the mark is likely to cause dilution by blurring. Therefore, Plaintiff's Motion for Summary Judgment is granted as to Defendant's claim for trademark dilution.

---

[4] Defendant states it is pursuing dilution by blurring only and not dilution by tarnishment. See dkt. 58 at 27.

## VI.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**